IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BRANDY KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.:_____ |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| and | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW** Plaintiff Brandy King, by and through undersigned counsel, and states as follows for her Complaint:

### GENERAL ALLEGATIONS

1. Plaintiff is an individual residing in the State of Missouri.

2. Upon information and belief, Defendant United States of America ("USA") conducts business delivering mail through the United States Postal Service ("USPS") throughout the United States, including in the State of Missouri. Defendant USA owns, manages, operates, controls, uses and/or possesses the USPS facility located at 112 W. Walnut Street, Grain Valley, Jackson County, Missouri 64029. Defendant USA can be served with process via United States Attorney Teresa A. Moore at the U.S. Attorney's Office – Western District of Missouri, which is located at 400 E. 9th Street, Room 5510, Kansas City, Missouri 64106.

3. Upon information and belief, Defendant USPS conducts business delivering mail throughout the United States, including in the State of Missouri. Defendant USPS

1

owns, manages, operates, controls, uses and/or possesses the USPS facility located at 112 W. Walnut Street, Grain Valley, Jackson County, Missouri 64029. Defendant USA can be served with process via United States Attorney Teresa A. Moore at the U.S. Attorney's Office – Western District of Missouri, which is located at 400 E. 9th Street, Room 5510, Kansas City, Missouri 64106.

4. This Court has jurisdiction over this controversy pursuant to **28 U.S.C. § 1346** and/or **39 C.F.R. § 912** in that Plaintiff suffered injury on property owned, managed, operated, controlled, used and/or possessed by Defendant USA and/or Defendant USPS and her injury was caused or contributed to be caused by the negligence of one or more employees of Defendant USA and/or Defendant USPS while engaged in the course and scope of their government employment.

5. Venue is proper in this Court pursuant to **28 U.S.C. § 1391** because a substantial part of the events and occurrences giving rise to Plaintiff's claims occurred in Grain Valley, Jackson County, Missouri, which lies within this judicial district.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

6. Upon information and belief, at all times relevant hereto, including on January 6, 2021, Defendant USA owned, managed, operated, controlled, used and/or possessed the USPS facility located at 112 W. Walnut Street, Grain Valley, Jackson County, Missouri 64029 (hereinafter "the Premises").

7. Upon information and belief, at all times relevant hereto, including on January 6, 2021, Defendant USPS owned, managed, operated, controlled, used and/or possessed the USPS facility located at 112 W. Walnut Street, Grain Valley, Jackson County, Missouri 64029, including the Premises.

8. On January 6, 2021, Plaintiff was a business invitee upon the Premises. Specifically, Plaintiff was upon the Premises for the purposes of conducting mail business.

9. While walking upon the Premises toward the front entrance into the USPS facility, Plaintiff's shoelace was caught on a piece of exposed rebar extending from a parking curb stop (hereinafter "the Curb Stop"), which resulted in her tripping and falling down.

10. Plaintiff fell due to the dangerous condition of the Curb Stop; namely, exposed rebar was extending from it, which made it a tripping hazard.

11. Before Plaintiff began walking upon the Premises, she reasonably believed that the Premises, including the Curb Stop, was safe for her to walk upon.

12. Plaintiff walked in an area of the Premises where exposed rebar was allowed to extend from the Curb Stop and where the Curb Stop had not otherwise been properly remediated by Defendants.

13. There were no warnings provided to Plaintiff, either by written signs or orally through employees of Defendants, as to the dangerous condition of the Curb Stop and, accordingly, the hazard presented thereby was unknown to Plaintiff.

14. Before Plaintiff tripped-and-fell, Defendants, through their respective employees and/or agents, had actual and/or constructive knowledge of the dangerous condition of the Curb Stop.

15. Despite the fact that Defendants knew or should have known that invitees like Plaintiff may have been in a position to be injured by the condition of the Curb Stop, Defendants failed to take appropriate action so as to prevent this tripping hazard and/or ensure that Plaintiff knew of the dangers presented by this tripping hazard.

16. As a result of the trip-and-fall described herein, Plaintiff felt pain in various parts of her body, including most notably her right ankle. She sustained a fractured right ankle. She underwent medical treatment which included, but was not limited to, a visit to the Emergency Room, x-rays, surgery to repair her fractured right ankle, physical therapy/rehabilitation, and the taking of medication.

17. Before filing this lawsuit, Plaintiff, through counsel, complied with the administrative requirements imposed by the Federal Tort Claims Act by submitting to Defendant USA and/or Defendant USPS the necessary forms and documentation within two (2) years of January 6, 2021. On or about January 19, 2021, Plaintiff provided written notice of her claim to Defendant USA and/or Defendant USPS, which included her submission of Form 95. On or about December 6, 2021, Plaintiff made a formal settlement demand in writing upon Defendant USA and/or Defendant USPS. On or about September 19, 2022, Plaintiff received a formal response thereto, which included a monetary offer from Defendant USA and/or Defendant USPS; however, such offer was insufficient to fully compensate her for her injuries and damages arising out of the January 6, 2021 incident. This lawsuit is the proper vehicle for Plaintiff's claim following her inability to resolve her claim against Defendant USA and/or Defendant USPS at the administrative level. Finally, this lawsuit is timely made.

## COUNT I – NEGLIGENCE – PREMISES LIABILITY
## AGAINST DEFENDANT USA

18. Plaintiff incorporates fully herein by reference the allegations set forth in Paragraphs 1 through 17 of this Complaint.

19. Defendant USA, acting through its employees and/or agents, had a duty to ensure the safety of the invitees of its business, including Plaintiff, while present upon the

4

Case 4:23-cv-00002-DGK   Document 1   Filed 01/03/23   Page 4 of 9

Premises, which included maintaining the Curb Stop free of defects so it could be safely walked upon and/or over.

20. Defendant USA, acting through its employees and/or agents, was obligated to ensure that the Curb Stop was free of defects which could cause or contribute to injuries to invitees of its business, including Plaintiff, while present upon the Premises.

21. Defendant USA, acting through its employees and/or agents, was obligated to ensure that any and all hazards, particularly in regard to the condition of the Curb Stop, would be readily apparent to invitees of its business, including Plaintiff, while present upon the Premises.

22. On or before January 6, 2021, Defendant USA, acting through its employees and/or agents, failed to use ordinary care under the circumstances to keep the Curb Stop safe.

23. On or before January 6, 2021, Defendant USA, acting through its employees and/or agents, failed to use ordinary care under the circumstances to warn Plaintiff of the hazard posed by the dangerous condition of the Curb Stop.

24. The dangerous condition of the Curb Stop, as described above, created a foreseeable risk of harm of the kind of injury which was incurred by Plaintiff.

25. But for the dangerous condition of the Curb Stop and the lack of warnings about same, Plaintiff would not have tripped and fallen.

26. Defendant USA, acting through its employees and/or agents, breached its duty to Plaintiff by:

    a. allowing exposed rebar to extend from the Curb Stop;

5

Case 4:23-cv-00002-DGK   Document 1   Filed 01/03/23   Page 5 of 9

b. failing to timely fix the Curb Stop and/or timely replace the Curb Stop and/or to otherwise timely and properly remediate the dangerous condition of the Curb Stop;

c. failing to timely warn invitees of the dangerous condition of the Curb Stop; and/or

d. failing to timely provide invitees an alternate route, if Defendant USA could not timely address the dangerous condition of the Curb Stop.

27. As a direct and proximate result of the negligence of Defendant USA mentioned herein, Plaintiff tripped-and-fell to the ground and sustained the following damages:

a. severe injuries to her body, including a fractured right ankle;

b. past and future physical and mental pain and suffering due to her injuries and the associated recovery process;

c. past and present mental anguish associated with her injuries;

d. past and future diminished quality of life, including but not limited to, an inability to perform daily activities with the same ease and regularity;

e. past and future expenses for medical, therapeutic and pharmaceutical care and treatment of her personal injuries; and/or

f. past and future loss of income.

28. As a direct and proximate result of the negligence of Defendant USA and the injuries and damages inflicted upon Plaintiff, Plaintiff has sustained damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

**WHEREFORE** Plaintiff Brandy King respectfully requests that judgment on

Count I of her Complaint be entered in her favor and against Defendant United States of America for compensatory damages in an amount that is fair and reasonable, for pre-judgment and post-judgment interest, for court costs, and for such other and further relief as is just and proper under the circumstances.

## COUNT II – NEGLIGENCE – PREMISES LIABILITY
## AGAINST DEFENDANT USPS

29. Plaintiff incorporates fully herein by reference the allegations set forth in Paragraphs 1 through 28 of this Complaint.

30. Defendant USPS, acting through its employees and/or agents, had a duty to ensure the safety of the invitees of its business, including Plaintiff, while present upon the Premises, which included maintaining the Curb Stop free of defects so it could be safely walked upon and/or over.

31. Defendant USPS, acting through its employees and/or agents, was obligated to ensure that the Curb Stop was free of defects which could cause or contribute to injuries to invitees of its business, including Plaintiff, while present upon the Premises.

32. Defendant USPS, acting through its employees and/or agents, was obligated to ensure that any and all hazards, particularly in regard to the condition of the Curb Stop, would be readily apparent to invitees of its business, including Plaintiff, while present upon the Premises.

33. On or before January 6, 2021, Defendant USPS, acting through its employees and/or agents, failed to use ordinary care under the circumstances to keep the Curb Stop safe.

34. On or before January 6, 2021, Defendant USPS, acting through its employees and/or agents, failed to use ordinary care under the circumstances to warn

7

Case 4:23-cv-00002-DGK   Document 1   Filed 01/03/23   Page 7 of 9

Plaintiff of the hazard posed by the dangerous condition of the Curb Stop.

35. The dangerous condition of the Curb Stop, as described above, created a foreseeable risk of harm of the kind of injury which was incurred by Plaintiff.

36. But for the dangerous condition of the Curb Stop and the lack of warnings about same, Plaintiff would not have tripped and fallen.

37. Defendant USPS, acting through its employees and/or agents, breached its duty to Plaintiff by:

    a. allowing exposed rebar to extend from the Curb Stop;

    b. failing to timely fix the Curb Stop and/or timely replace the Curb Stop and/or to otherwise timely and properly remediate the dangerous condition of the Curb Stop;

    c. failing to timely warn invitees of the dangerous condition of the Curb Stop; and/or

    d. failing to timely provide invitees an alternate route, if Defendant USPS could not timely address the dangerous condition of the Curb Stop.

38. As a direct and proximate result of the negligence of Defendant USPS mentioned herein, Plaintiff tripped-and-fell to the ground and sustained the following damages:

    a. severe injuries to her body, including a fractured right ankle;

    b. past and future physical and mental pain and suffering due to her injuries and the associated recovery process;

    c. past and present mental anguish associated with her injuries;

    d. past and future diminished quality of life, including but not limited

to, an inability to perform daily activities with the same ease and regularity;

e.  past and future expenses for medical, therapeutic and pharmaceutical care and treatment of her personal injuries; and/or

f.  past and future loss of income.

39. As a direct and proximate result of the negligence of Defendant USPS and the injuries and damages inflicted upon Plaintiff, Plaintiff has sustained damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

**WHEREFORE** Plaintiff Brandy King respectfully requests that judgment on Count II of her Complaint be entered in her favor and against Defendant United States Postal Service for compensatory damages in an amount that is fair and reasonable, for pre-judgment and post-judgment interest, for court costs, and for such other and further relief as is just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

40. Plaintiff demands a trial by jury on all issues so triable.

*/s/ Dennis J. Cassidy*
Dennis J. Cassidy                    MO #46288
HUNTER & CASSIDY, LLC
600 Broadway, Suite 490
Kansas City, Missouri 64105
Telephone:  (816) 421-1377
Facsimile:  (816) 421-1833
E-Mail:  dcassidy@huntercassidylaw.com
ATTORNEY FOR PLAINTIFF